**SO ORDERED**



WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| MELVIN ASHLEY HILBURN, | * | Case No. 06-16011-WIL |
| | | Chapter 7 |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| KALLIOPE CONSTRUCTION LLC, | * | |
| Plaintiff, | * | |
| v. | * | Adv. No. 06-1775-WIL |
| MELVIN ASHLEY HILBURN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM DECISION IN SUPPORT OF
### ORDER GRANTING MOTION [36] FOR SANCTIONS

The Court has before it the Motion [36] of Kalliope Construction LLC ("Kalliope" or the "Plaintiff") for Sanctions (the "Motion"), filed on June 21, 2007, the Opposition [39] and Support Document [40], filed by Melvin Ashley Hilburn ("Mr. Hilburn" or the "Defendant") on July 13, 2007, and Kalliope's Reply [53], filed on September 5, 2007. The Court held a hearing on this matter on September 11, 2007.

The Court has also reviewed several documents filed after the hearing: the Line [56] Regarding Defendant's Discovery Responses, filed on September 11, 2007, the Line [57] filed by Kalliope in response to the Defendant's Line, filed on September 12, 2007, and another Line [70] regarding interrogatory responses, filed by the Defendant on September 18, 2007. The Court has now reviewed all of the pleadings, the record in this adversary proceeding and has considered argument of counsel, and finds that the Motion will be granted.

## **Background**

The hearing held on September 11, 2007 was the third hearing on what has become a protracted and repetitive discovery dispute. Hearings were also held on March 16, 2007 and May 25, 2007. The issue was also addressed at the hearing on the Defendant's Motion to Dismiss, held on July 6, 2007. Trial, originally scheduled to begin on October 1, 2007, has been postponed until December. The Court imposes sanctions in this case, among other reasons, to put both parties on notice that it will not tolerate further delay.

On November 13, 2006, the Plaintiff filed a Complaint for Non-Dischargeability against the Defendant, seeking relief under 11 U.S.C. §§ 523(a)(4) and (a)(6). Although not titled as such, the Complaint also sought relief under 11 U.S.C. § 727(a)(2). On December 11, 2006, the Defendant filed his Answer [3]. The parties submitted their Joint Rule 26(f) Report [4] on January 17, 2007. On January 17, 2007, both sides filed certificates of service, each certifying service upon the other their Interrogatories and Request for Production of Documents. The Court entered a Scheduling Order [7] on January 24, 2007. From all appearances, the litigation was proceeding in the ordinary course, through discovery to trial. On February 20, 2007,

Kalliope filed its Certificate of Service [9], certifying that it had served its responses to the Defendant's discovery requests. After that, the process broke down.

Mr. Hilburn filed a Motion for Protective Order [10] on February 21, 2007. On February 27, 2007, Kalliope filed a Motion to Compel Discovery Responses [11] (the "Kalliope Motion to Compel"). The March 16, 2007 hearing addressed these matters. The parties agreed to try to resolve their dispute without further intervention by the Court. The Court entered an Order [16] denying the Defendant's Motion for Protective Order on March 22, 2007.

On April 19, 2007, three months after each party served on the other their discovery requests, the Mr. Hilburn filed a Certificate of Discovery [18], certifying that he had served upon the Plaintiff his "preliminary" responses. On April 25, 2007, he filed his own Motion to Compel [22] (the "Hilburn Motion to Compel"), asserting that Kalliope had not fully and/or completely responded to his requests. Both sides responded to the other's allegations and the Court held another hearing on this dispute on May 25, 2007.

At that hearing, Kalliope agreed to accept, in lieu of actual responses, documents that were responsive to, and categorized in some way for identification with, Interrogatories numbered 1 through 4. As to Interrogatories numbered 5 through 6, Kalliope maintained that it needed actual responses because they were "not document-type responses."[1] Mr. Hilburn agreed

---

[1] A partial transcription of the May 25, 2007 discussion is provided here:

    Tolchin: "I don't care if we get responses, written responses, if you give me the documents, I'll figure it out. But you can't give me nothing. If you want to do it yourself, then give me the back-up documents great, if you want to just give me the back-up documents, that's also great, but something. And that's our motion to compel."

    Court: "What I understand from Mr. Tolchin, and I guess we'll confirm that, is if they produce the documents that support the interrogatory, will that suffice, Mr. Tolchin, so that he doesn't have to say, document 1 is this, if there are hundreds of documents, it's going to take a lot longer if he has to say, bank statement from such and such a bank, for January 2007 and identify each and every document, that may be

to produce these documents and responses within two weeks.  The Court then went through each document request propounded by Mr. Hilburn and directed Kalliope to respond to numbers 13, 14, 19, 20 and 23 within the same time frame.  The parties were directed to submit orders on their respective motions.  Mr. Hilbrun was directed to submit a revised scheduling order that extended the discovery deadline.  On June 8, 2007, the Court entered an Order [32] granting (in

---

too difficult to do within a reasonable time-frame if he's produced the documents.

Tolchin: "I agree."

Court: "Alright.  I just want to make sure we're not going to come back and then you're going to be disappointed when that isn't done as long as the back-up document -- the understanding is as long as the back-up document is provided, that will suffice to you as identified.

Tolchin: "Right, so for example when I aks for source of funds to purchase something, he says these are the documents that deal with the source of funds."

Court: "Correct."

Tolchin: "That's fine. I can add them up myself."

Court: "Okay. Is there any interrogatory that you will not be satisfied -- that has not been answered that if he produces the back-up documents it will not be sufficient -- that you need a response at this point.  Let's go through what's not done so that we know what it is you're looking for and there's no misunderstanding."

Tolchin: "I think that the only other issues would be identifying experts which documents would respond to and any other projects on which he's been working.  Those aren't document type issues."

Court: "Okay."

Orenstein: "And that's fine, that's not a problem."

Court: Alright. The motion to compel is granted and by consent understanding of the parties, those documents will be produced within two weeks and made available for inspection and copy."

part) the Kalliope Motion to Compel. To date, Mr. Hilburn has not submitted an order on his motion or a revised scheduling order.[2]

On June 21, 2007, the Plaintiff filed the instant Motion, and alleged that Mr. Hilburn's response of June 16, 2007 "did not answer a single interrogatory, and did not provide a single document." The Court held its third hearing on the same discovery dispute on September 11, 2007, this time in the context of whether sanctions should be imposed as a consequence of the Defendant's failure to comply with the Court's June 8, 2007 Order.

### **Discussion**

This dispute is governed by Rules 33, 34 and 37 of the Federal Rules of Civil Procedure, which are applicable to adversary proceedings pursuant to Rules 7033, 7034 and 7037 of the Federal Bankruptcy Rules. Generally, Rule 33 provides that a party may serve on another party up to twenty-five (25) written interrogatories, including sub-parts. Fed. R. Civ. Proc. 33(a). The respondent must answer each interrogatory separately and completely under oath, and the specific reasons for any objection if not answered, within 30 days after service. Fed. R. Civ. Proc. 33(b).

The respondent may also specify the business records from which the answer may be derived or ascertained, so long as it is in sufficient detail to permit the interrogating party to locate and identify such records. Fed. R. Civ. Proc. 33(d). Rule 34 provides a similar deadline and requirements for written responses and/or objections with respect to requests for production of documents. Fed. R. Civ. Proc. 34(a) and (b).

---

[2] The Court notes that the Order [32] granting the Kalliope Motion to Compel was incorrectly linked on the docket to the Hilburn Motion to Compel. The Court also notes that the Scheduling Order was later amended by Order entered on July 17, 2007, therefore, any order submitted now would be moot.

Rule 37 provides the remedy for failure to respond or otherwise cooperate in discovery. The Rule provides, in relevant part:

> "[i]f a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation [by a corporation], or an order compelling inspection in accordance with the request."

Fed. R. Civ. Proc. 37(a)(2)(B).

If a party fails to obey an order to provide or permit discovery under subsection (a), the Rule further provides for sanctions, in part, as follows:

> "(A)  An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceeding until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party...
>
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that the circumstances make an award of expenses unjust."

Fed. R. Civ. Proc. 37(b)(2).

The Court's June 8, 2007 Order was entered pursuant to Rule 37(a), and compelled the Defendant to answer the interrogatories and/or permit inspection of documents. The Plaintiff has come back to this Court three months later to complain that the Defendant failed to obey that Order. The Defendant asserts that: (1) he has produced every responsive document in his possession or control; (2) that he will simply stipulate to certain facts, thereby obviating the need to produce any further documents; or (3) that some of the requests are not relevant (for example, documents related to the now-dismissed §727 claim).

The Court cannot and will not second-guess the parties on whether Mr. Hilburn has turned over all documents in his possession. What is clear from the hearing on September 11, 2007, is that as of that date he did not categorize documents as responsive to a particular Interrogatory, as he was instructed to do at the hearing on May 25, 2007 and in the June 8, 2007 Order. It is also clear that in addition to not producing documents, he did not respond at all to Interrogatories numbers 5 and 6 as he was instructed to do at the hearing on May 25, 2007 and in the June 8, 2007 Order.

Moreover, the Court reminds Mr. Hilburn that although the § 727 claim was dismissed at the hearing held on July 6, 2007, the Plaintiff was granted leave to amend the Complaint within fifteen (15) days after Mr.Hilburn responded to discovery. The amendment would be limited to new facts in support of a § 727 claim that come to light as a result of the discovery responses, but according to Kalliope, the responses have not yet been given.

The Court reiterates that if it finds in the future that misrepresentations have been made about what is or is not in Mr. Hilburn's possession, then it may well consider imposing other sanctions as set forth herein. However, judgment by default is not appropriate at this time,

particularly in light of the representation by the Defendant in Line [70] filed on September 18, 2007, that responses were finally served upon the Plaintiff, sanctions will be awarded against Mr. Hilburn in the form of fees and costs. Counsel for the Plaintiff shall submit an affidavit of costs reasonably expended in connection with the discovery dispute as directed in the Order entered with this Memorandum.


cc:     Plaintiff
        Counsel for Plaintiff - Edward J. Tolchin, Esq.
        Defendant
        Counsel for Defendant - Jeffrey M. Orenstein, Esq.
        Chapter 7 Trustee
        U.S. Trustee