Date signed October 29, 2007



WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANI
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| MELVIN ASHLEY HILBURN, | * | Case No. 06-16011-WIL |
| | | Chapter 7 |
| Debtor. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

| | | |
|---|---|---|
| KALLIOPE CONSTRUCTION LLC, | * | |
| Plaintiff, | * | |
| v. | * | Adv. No. 06-1775-WIL |
| MELVIN ASHLEY HILBURN, | * | |
| Defendant. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM DECISION IN SUPPORT OF ORDER
GRANTING MOTION [48] OF KALLIOPE CONSTRUCTION LLC
FOR SUMMARY JUDGMENT AND DENYING MOTION [67] OF
MELVIN ASHLEY HILBURN FOR SUMMARY JUDGMENT**

The Court has before it the Motion [48] of Kalliope Construction LLC (the "Plaintiff")

for Summary Judgment (the "Kalliope Motion"), filed on August 30, 2007, the Line [71]

Regarding Opposition thereto, filed by Melvin Ashley Hilburn (the "Defendant") on September

18, 2007; the Defendant's Motion for Summary Judgment (the "Hilburn Motion") filed on

September 17, 2007, and the Plaintiff's Memorandum in Opposition thereto [77], filed on

September 27, 2007.  A hearing was held on this matter on October 2, 2007.  The Court has

reviewed all of the pleadings, exhibits and the record in this adversary proceeding, the Arbitrator

Award (discussed below), has considered argument of counsel, and has adopted the findings of

fact found by the Arbitrator (also discussed below).  For the reasons set forth herein, the Court

will grant the Kalliope Motion and deny the Hilburn Motion.

<u>**Standard for Granting Summary Judgment**</u>

Rule 56 of the Federal Rules of Civil Procedure (made applicable to this adversary

proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure) provides:

> "The judgment sought shall be rendered forthwith if the pleadings,
> depositions, answers to interrogatories, and admissions on file, together with
> the affidavits, if any, show that there is no genuine issue as to any material
> fact and that the moving party is entitled to a judgment as a matter of law."

Fed. R. Civ. Proc. 56(c).

The Rule further provides:

> "When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere allegations
> or denials of the adverse party's pleading, but the adverse party's response,
> by affidavits or as otherwise provided in this rule, must set forth specific facts
> showing that there is a genuine issue for trial.  If the adverse party does not so
> respond, summary judgment *if appropriate*, shall be entered against the adverse
> party."

Fed. R. Civ. Proc. 56(e) (emphasis added).

One of the principal purposes of summary judgment is to isolate and dispose of all

factually unsupported claims or defenses.  *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548

(1986).  To that end, the Court considers all evidence in a light most favorable to the nonmoving

party.  *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct.

1348, 1356 (1986). The movant must establish that there are no material facts at issue and that

he is entitled to judgment as a matter of law. *McLean, Koehler, Sparks & Hammond v.*

*Hildebrand (In re Hildebrand)*, 230 B.R. 72, 79 (Bankr. D. Md. 1999) (citing *Celotex*, 477 U.S.

at 322-323). Once a motion for summary judgment is made and supported as provided in the

Rule, the nonmoving party must produce sufficient evidence to show that there is a genuine issue

for trial. *In re Hildebrand*, 230 B.R. at 79. Summary judgment will be granted if, taking the

record as a whole, a reasonable jury could not possibly return a verdict in favor of the

nonmoving party. *Id*. at 74 (citing *Matsushita*, 475 U.S. at 587; *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248, 106 S. Ct. 2505 (1986)).

## **Procedural Posture**

On December 2, 2005, the Plaintiff filed a Demand for Arbitration before the Judicial

Arbitration and Mediation Services, Inc., a company that provides national arbitration and

mediation services (the "Arbitrator"). On December 13, 2005, the Defendant filed a Response

and Counterclaim. The Arbitrator issued a Final Award (the "Arbitrator Award") on September

6, 2006. In the Arbitrator Award, the Plaintiff was awarded the amount of $425,443.38 as

damages for the Defendant's breach of contract and breach of fiduciary duty, the amount of

$7,388.00 as damages for the value of a vehicle that the Defendant failed to return to the

Plaintiff, and $750.00 as damages for the Defendant's failure to return a computer.

The Defendant filed his voluntary Chapter 7 petition on September 29, 2006. On

November 13, 2006, the Plaintiff filed a Complaint for Non-Dischargeability (the "Complaint"),

seeking relief under 11 U.S.C. §§ 523(a)(4) and (a)(6). Although not titled as such, the

Complaint also sought denial of discharge under 11 U.S.C. § 727(a)(2). On December 11, 2006,

the Defendant filed his Answer [3].  A series of discovery disputes followed.  On July 16, 2007, the Court dismissed the Section § 727(a) claim, but granted the Plaintiff leave to amend within fifteen (15) days after the Defendant responded to discovery, limited to new facts in support of a § 727(a) claim discovered in the responses.  On September 18, 2007, the Defendant filed a Certificate [69] of Service of Discovery Responses, as revised on September 19, 2007 [72].  The Plaintiff has not filed an amended complaint.  Trial was originally scheduled for October 1 and 2, 2007.  The Court agreed to hear argument in support of both motions for summary judgment on the second trial date.  Trial is now scheduled to begin on December 13, 2007, but will not be necessary.

## Discussion

*The Parties are Bound by the Arbitrator Award*
*Pursuant to the Doctrine of Collateral Estoppel*

Both parties agree that principles of collateral estoppel apply and that they are bound by the Arbitrator Award.  Collateral estoppel, or issue preclusion, applies when the following factors are present: (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) the determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.  If these conditions are met, the determination is conclusive in a subsequent action between the parties, whether on

-4-

the same or a different claim. *Weatherly v. Great Coastal Express Co., Inc.*, 164 Md. 354, 369

(2005) (emphasis supplied).

Applying the principles of collateral estoppel to this case, the Court finds that there are

no material facts in dispute.  The conflict between the parties can be traced to an Employment

Agreement between the Defendant and Kalliope Hospitality Advisors LLC ("KHA"), signed on

March 12, 2004 (the "Employment Agreement").  Pursuant to the Employment Agreement,

among other provisions, the Defendant agreed to:

> "devote substantially all of his time, attention, energy, knowledge,
> and skill solely and exclusively to performing all duties in construction
> and development as assigned or delegated to him by [KHA]... [he] will
> not engage in work within the scope noted herein with any outside entities
> without written permission from [KHA].  The Employee acknowledges that
> any activities within his field of expertise not approved by the Company may
> constitute a conflict of interest and agrees herein not to engage in such."

*See* Arbitrator Award, p.6.

In exchange, KHA agreed to pay the Defendant a salary of $100,000 per year, to be

prorated monthly, and an opportunity for performance bonuses based on net operating profit of

KHA's construction and development revenues.  *Id*.  KHA later assigned the Employment

Agreement to the Plaintiff.  *Id*.

In the summer of 2004, a related Kalliope entity, Kalliope Ridge LLC closed on the

purchase of real property located at 4416 Ridge Street, Bethesda, Maryland (the "Ridge

Property").  *Id*. at 7.  The Defendant began renovation on the Ridge Property in late December or

shortly thereafter.  *Id*.  About this same time, the Defendant and his wife, Susan Ladani,

purchased real property located at 5404 Harwood Road, Bethesda, Maryland (the "Harwood

Property").  *Id*.  The Defendant renovated the Harwood Property and finished this project in

August 2005, before he finished the Ridge Property work. *Id.* at 8. On October 21, 2005, the

Defendant and Ms. Ladani sold the Harwood Property for $1,750,000.00, and realized a profit of

$567,257.84. *Id.* at 10. At the closing on this sale, the lender charged the Defendant and Ms.

Ladani a penalty because they never occupied the Harwood Property as a their primary residence

as stated on their initial loan application. *Id.* at 8. On October 28, 2005, the Plaintiff fired the

Defendant, alleging that he worked on a competing development project in violation of the

Employment Agreement. *Id.* at 9. The Ridge Property was not sold until May 2006. *Id.*

    The Plaintiff and the Defendant made many of the same allegations in the arbitration

proceeding that they now make in this adversary proceeding. In the arbitration proceeding, the

Plaintiff alleged that:

> "Melvin Hilburn willfully neglected his duties and acted dishonestly.
> In this regard, Kalliope hired Mr. Hilburn to perform construction and
> development activities as assigned by Kalliope. Over a year ago, Kalliope
> assigned Mr. Hilburn a project to complete rehabilitation at a home located on
> Ridge Street in Chevy Chase. Mr. Hilburn had agreed to 'not engage in work
> within the scope noted herein, with any outside entities without written permission
> from the company' and he explicitly acknowledged that 'any activities within
> [his] field of expertise not approved by the Company may constitute a conflict
> of interest' so that he agreed 'not to engage in such.'"

*See* Demand for Arbitration, Kalliope Motion, Exhibit 1.

Among other things, the Plaintiff demanded that its share of the profits on the Harwood Property,

a 2001 Ford Crown Victoria and a laptop computer be turned over by the Defendant.

    In response, the Defendant alleged that:

> "Mr. Hilburn has no contractual obligation to Claimant, Kalliope
> Construction, LLC, and... at no time has Mr. Hilburn contracted
> with Claimant, Kalliope Construction, LLC to perform any services of any
> nature. To the best of Mr. Hilburn's knowledge and belief, his Employment
>
> Agreement with Claimant, Kalliope Hospitality Advisors, LLC, has never been

assigned or otherwise transferred to Claimant, Kalliope Construction, LLC."

*See* Response and Counterclaim, Kalliope Motion, Exhibit 2.

Likewise, paragraph 3 stated:

"There is no contract between the Claimant, Kalliope Construction, LLC and the Respondent, Mr, Hilburn.  Therefore, Mr. Hilburn cannot be in breach of any agreement with Kalliope Construction, LLC, nor could he have been neglectful in his duties under any such agreement."

*Id.*

In the Kalliope Motion before this Court, the Plaintiff asserted: 1) that the Defendant was required by the Employment Agreement to work on development projects exclusively for the Plaintiff, that he was required to bring to the Plaintiff; 2) that he was required to bring to the Plaintiff  the opportunity to purchase the Harwood Property; 3) that he and his wife purchased the Harwood Property and did not disclose this information to the Plaintiff; and 4) that they realized a profit of $657,257.84 when they sold the Harwood Property ten months later.  The Plaintiff further asserted that this conduct was intentional and dishonest, that it was a breach of the Employment Agreement and also a breach of fiduciary duty.

In the Hilburn Motion, the Defendant asserted that he was a KHA employee and not the Plaintiff's employee, that he never consented to the assignment of the Employment Agreement from KHA to the Plaintiff, his consent was required because the Employment Agreement was a contract for personal services, and consequently, the assignment was void.  The Defendant asserted that the Plaintiff did not exist at the time of the assignment, and it was not legally authorized to do business in Maryland at the time he and Ms. Ladani purchased the Harwood Property; therefore the Plaintiff could not have been injured by the Defendant's conduct.

-7-

However, the Defendant asserted that the Arbitrator did not make findings with respect to the assignment or the interrelationship between the various Kalliope entities, and therefore, collateral estoppel does not apply to these issues. The Court disagrees. The Arbitrator clearly stated in the Arbitrator Award that:

> "This Award sets forth findings of fact and conclusions of law only with respect to the principal grounds for decision. However, both sides should be assured that all of their factual and legal contentions have been carefully considered. Findings of fact set forth herein are based on the testimony of the witnesses, my evaluation of their credibility, the received exhibits... the weight to be accorded various items of evidence, and the reasonable inferences to be drawn from the record as a whole. In arriving at these findings, I have determined, based on their demeanor, the improbability of parts of their testimony, and the conflict between such testimony and other, more credible evidence in the case, that significant portions of the testimony of Melvin Hilburn and Susan Ladani are neither credible, nor reliable.

*See* Arbitrator Award, at 2.

He further found that as "the highest paid employee of Kalliope, responsible for management and supervision of its construction and development business, Hilburn was plainly subject to [the corporate opportunity doctrine] and liable to Kalliope for any loss of profit it suffered on account of his usurpation of a corporate opportunity." *Id*. at 11. The Arbitrator also found that "as a 'high level' employee of Kalliope, the law of Maryland also prohibited Hilburn from usurping corporate opportunities for Kalliope. A breach of either the contractual or common law duty would entitle Kalliope to recover from Hilburn the profit he thus diverted from Kalliope to another (be it himself or some other 'outside entity')." *Id*. at 17.

-8-

Importantly, the Arbitrator rejected the Defendant's argument that he and his wife purchased the Harwood Property with the intent of renovating and occupying the house as their primary residence (and thus he could not have usurped a corporate opportunity):

> "It is not necessary to determine what Hilburn and Ladani had in mind when they purchased Harwood and began the renovation because, by their own admission, they never occupied the property and listed it for sale within a few months of beginning the renovation. (The building permit for Harwood was obtained in March 2005 and the property was sold in August 2005, approximately five months later.) Thus, whether or not Harwood began as a for-profit (rather than for-personal-use) venture, it soon became one. At that point, both his employment Agreement and the corporate opportunity doctrine required that Hilburn offer the project to Kalliope (upon reimbursement of his costs) so that Kalliope could derive the profit from this construction job (less Hilburn's 25% bonus). Hilburn's failure to do so was a clear breach of his Agreement and Maryland common law and entitles Kalliope to an award in the amount it would have received had Hilburn faithfully discharged his legal duties to Kalliope."

*Id*. at 18.

Based on the foregoing, the Arbitrator determined that the Defendant breached the Employment Agreement and also breached Maryland common law, and these breaches "entitled Kalliope to an award in the amount it would have received had Hilburn faithfully discharged is legal duties to Kalliope." *See* Arbitrator Award, at 18. The Arbitrator determined that amount to be $425,443.38. He also awarded the Plaintiff the amount of $7,388.00 for the value of the vehicle and $750.00 for the computer. *Id*. at 25.

The Arbitrator's findings necessarily considered the Defendant's arguments that there was no relationship between him and the Plaintiff, and that KHA did not assign the Employment Agreement to the Plaintiff. Although the Arbitrator referred to the Kalliope entities as a whole in his decision, the Defendant's argument that he is not barred by the doctrine of collateral estoppel on this point is without merit. The judgment was in favor of the Plaintiff and the issues

were raised by the Defendant in the arbitration proceeding and were necessary to the Arbitrator's

determination.

*The Debt Owed to the Plaintiff is not*
*Dischargeable under 11 U.S.C. § 523(a)(6)*

The Plaintiff argued in the Hilburn Motion that the amounts awarded in the Arbitrator

Award are not dischargeable under 11 U.S.C. § 523(a)(6).  A debtor's misconduct under Section

523(a) need only be shown by a preponderance of the evidence.  *First Nat'l. Bank v. Stanley (In*

*re Stanley)*, 66 F. 3d 664, 667 (4th Cir. 1995) (citing *Grogan v. Garner*, 498 U.S. 279, 111 S. Ct.

654 (1991).  Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury

by the debtor to another entity or to the property of another entity."  11 U.S.C. § 523(a)(6).

Willful means deliberate and intentional.  *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S. Ct. 974

(1998).  A malicious act is an act causing injury without just cause or excuse and can be implied

by the debtor's conduct in context of the circumstances.  *Miller v. CIGNA Ins. Co.*, 311 B.R. 57,

62 (D. Md. 2004) (citing *Hagan v. McNallen (In re McNallen)*, 62 F. 3d 619, 625 (4th Cir.

1995).

An unauthorized exercise of control over an owner's property that seriously interferes with that

owner's rights may give rise to a debt that is not dischargeable under Section 523(a)(6).  *Id*.

Unauthorized control over property of another in breach of a fiduciary duty may also give rise to

a nondischargeable debt.  *Id*.

In this case, the Arbitrator found that the Defendant breached his fiduciary duty to the

Plaintiff, both under the Employment Agreement and under Maryland common law, by usurping

a corporate opportunity that belonged to the Plaintiff, and by failing to return the Plaintiff's

vehicle.  The Defendant bought the Harwood Property, renovated it, doing substantially the same

-10-

work as he did on the Ridge Property, at the same time as he was working on the Ridge Property, in direct conflict with the Plaintiff.  He sold the Harwood Property and made a profit of $567,257.84.  This profit (minus the 25% bonus the Defendant was entitled to receive pursuant to the Employment Agreement) was property of the Plaintiff. When the Plaintiff terminated Debtor's employment and demanded that its property be turned over, the Defendant crossed out the relevant portion of his Employment Agreement and called the transaction a residential purchase with his wife.  The Defendant lost that argument in the arbitration proceeding.  Further, the Arbitrator found that the 2001 Crown Victoria was a company car which had not been returned to Kalliope after termination of Debtor's employment.  The Arbitrator awarded the Plaintiff $7,388 against the Debtor for his failure to return the vehicle.

This Court finds that collateral estoppel applies to the Arbitrator Award and that the issues raised by the Defendant were actually determined by the Arbitrator or were necessarily considered in his determination .  The Arbitrator clearly rendered his decision on both contract law by enforcement of the Employment Agreement and under Maryland common law. The Court finds that the Plaintiff is entitled to judgment as a matter of law.  The debt owed to the Plaintiff with regard to the breach of contract and fiduciary duty, as well as damages for conversion of the vehicle, is not dischargeable in the Defendant's bankruptcy case.  At the hearing on October 2, 2007, the Plaintiff stated that it would not pursue the value of the computer.  A separate order will issue.

cc:     Plaintiff
        Counsel for Plaintiff - Edward J. Tolchin, Esq.
        Defendant
        Counsel for Defendant - Jeffrey M. Orenstein, Esq.
        Chapter 7 Trustee
        U.S. Trustee